I hereby certify that this Order was served by First Class mail postage prepaid, to Plaintiff G. Mixon, at his address of record in this action on this date. Civil Rights Forms CV66A was included with such mailing to the plaintiff.
Dated:  December 19, 2012

J. Holmes  /s/
**DEPUTY CLERK**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EDWARD MIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>CSP - LOS ANGELES COUNTY, et al.,<br><br>    Defendants. | Case No. CV 12-10187-DOC (SP)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## INTRODUCTION

On November 29, 2012, plaintiff George Edward Mixon, a California state prisoner proceeding pro se, filed a civil rights complaint in this court pursuant to 42 U.S.C. § 1983. Plaintiff alleges his Eighth and Fourteenth Amendment rights were violated when he was kept restrained on "potty watch" for eight days.

After careful review and consideration of the allegations of the complaint under the relevant standards, the court finds for the reasons discussed hereafter that certain of the named defendants are immune from suit, and that the complaint fails

to state a claim on which relief may be granted against any defendant. Accordingly, the court finds the complaint subject to dismissal, but grants plaintiff leave to amend, as discussed below.

## II.
## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a prisoner at the California State Prison - Los Angeles County ("CSP-LA") in Lancaster. Defendants are CSP-LA and the following CSP-LA correctional officers, who are each named in both their individual and official capacities: Lieutenant Rivera; Sergeant R. Moreno; Sergeant R. Brown; Officer Pollard; and Officer Sirro.

On December 12, 2011, following a visit with his wife, correctional staff took plaintiff into custody and placed him on "potty watch" for eight days. Plaintiff's wife was also subjected to a full body search by defendant Rivera and another officer.

During the eight days plaintiff was on "potty watch," defendant Moreno had plaintiff triple shackled with restraints put on so tightly that his waist and feet later became swollen and infected. The restraints also caused plaintiff, who suffers from cardiopulmonary problems, difficulty breathing. Defendant Moreno also prevented plaintiff from using the sink in the cell by taping it or causing it to be taped closed. For seven days, plaintiff was denied access to drinking water. For the eight days on "potty watch," plaintiff was denied a change of closing and forced to wear underwear and clothing soiled in his own excrement. Despite his pleas to defendants Pollard and Sirro, he was denied a change of clothing, blankets, and was therefore left cold and wallowing in his own filth.

To date, no formal charges or administrative rules violations have been filed against plaintiff related to these events and/or for contraband. Plaintiff has

attempted to obtain a director's level decision on his adminstrative appeal, but has been thwarted by demands that plaintiff name the Chief Officer of Inmate Appeals.

## III.
## LEGAL STANDARDS

The Prison Litigation Reform Act obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, since plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

## IV.

## DISCUSSION

The court has screened the complaint and finds it subject to dismissal for the reasons discussed below.

**A.   The Claims Against the California State Prison and the State Employees in Their Official Capacity Are Barred by State Sovereign Immunity Under the Eleventh Amendment**

As discussed above, the defendants named are CSP-LA and five state correctional officers in both their individual and official capacities.  The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. at 166.  CSP-LA is a California State Prison, and the correctional officers who work there are all employees of the State of California.  Thus, to the extent plaintiff names the correctional officers in their official capacity, the entity that would be the real party in interest would be the State of California.  The same is true of plaintiff's suit against CSP-LA, a California State Prison.

The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.  The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State

4

unequivocally consents to waive its sovereign immunity or Congress abrogates it. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir. 1992); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity). Furthermore, Congress did not abrogate State sovereign immunity against suits under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341-42, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

     Accordingly, plaintiff's suit against CSP-LA, a State entity, and against the correctional officers in their official capacity is barred by the Eleventh Amendment. *See Edleman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) (barring claims against certain state officials under the Eleventh Amendment because "[w]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants" (citation omitted)); *see also Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (California courts are an arm of the state, immune under the Eleventh Amendment from § 1983 suit). The complaint is therefore subject to dismissal against CSP-LA and against the other defendants to the extent named in their official capacity.

**B.** <u>**The Complaint Fails to State an Equal Protection Claim**</u>

     Plaintiff asserts two claims, one of which is that his equal protection rights

under the Fourteenth Amendment were violated. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). To state an equal protection claim, a plaintiff must allege facts demonstrating that the defendant has intentionally discriminated against him or her based upon the plaintiff's membership in a protected or suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff here makes no allegation that he was treated differently on account his membership in a protected class. Indeed, plaintiff does not allege that he was treated differently than any other prisoner at all. As such, his equal protection claim is subject to dismissal.

**C.**     **The Complaint Fails to State a Claim for Excessive Force in Violation of the Eighth Amendment**

The second claim plaintiff asserts is for cruel and unusual punishment in violation of the Eighth Amendment. He does not elaborate on his legal theory, but from the facts it appears that plaintiff may be seeking to plead two possible types of Eighth Amendment violations. The first of these is an excessive force claim.

Excessive force claims against prison officials must be brought under the Eighth Amendment's right to be free of cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). For allegations of excessive force by prison officials to state an Eighth Amendment claim, they must satisfy two requirements. First, the deprivation or harm suffered by the prisoner must have been "sufficiently serious" so as, for example, to "result in the denial of 'the

minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). And second, the force must have been applied not "in a good-faith effort to maintain or restore discipline," but rather "maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *accord Clement*, 298 F.3d at 903; *LeMaire v. Maass*, 12 F.3d 1444, 1453 (9th Cir. 1993). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement*, 298 F.3d at 903 (citing *Graham v. Connor*, 490 U.S. 386, 398, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).

Although plaintiff arguably alleges facts showing denial of "the minimal civilized measure of life's necessities," he does not allege facts showing that defendants restrained him in the "potty watch" cell maliciously and sadistically, with the intent to cause harm, rather than for a legitimate penalogical purpose. On the contrary, the complaint suggests that defendants placed him in that cell in the belief that he had ingested contraband.

Moreover, the complaint certainly does not adequately allege facts showing that any particular defendant acted maliciously and sadistically. The complaint does not allege any facts showing that defendants Rivera or Brown played any role in his confinement, and therefore plainly does not state a claim against them. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." (citations omitted)). The complaint does allege that defendant Moreno was responsible for plaintiff's shackling and lack of

access to the sink, but there are no facts alleged to suggest defendant Moreno acted maliciously or even knew that the shackles were tight. And although plaintiff alleges defendants Pollard and Sirro heard his pleas for clothing and blankets, but again, there are no facts to suggest they acted maliciously or sadistically.

Accordingly, the complaint does not state a claim against any defendant for excessive force.

### D. The Complaint Fails to State a Deliberate Indifference to Medical Needs Claim in Violation of the Eighth Amendment

The other possible Eighth Amendment violation plaintiff may be seeking to assert is for deliberate indifference to his medical needs. Allegations of inadequate medical treatment by prison officials only give rise to an Eighth Amendment claim if a plaintiff can show that the defendants acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citation and quotation marks omitted). First, the plaintiff must establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (internal citation and quotation marks omitted).

Second, the plaintiff must show that the defendants' response to the medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096. Deliberate indifference can be shown when "prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal citation and quotation marks omitted). But "[m]ere indifference, negligence, or medical malpractice will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citation and internal quotation marks omitted). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate

indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Arguably, plaintiff may have alleged facts showing that his tight shackling could have resulted in significant injury or the unnecessary and wanton infliction of pain. But plaintiff has not alleged facts showing deliberate indifference by any defendant. Again, plaintiff alleges no facts showing that defendants Rivera and Brown were even involved in the events he complains of. *See Baker v. McCollan*, 443 U.S. 137, 142, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) ("a public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights" (internal quotation marks and citation omitted)). Plaintiff alleges defendant Moreno tightly shackled him, but does not alleged any facts showing that Moreno even knew that the shackles may have been too tight, much less that Moreno was indifferent to the potential harm to plaintiff. And although plaintiff alleges he pled with defendants Pollard and Sirro for more clothing and blankets, he does not allege facts showing that this circumstance subjected him the risk of significant harm, or that Pollard and Sirro knew this and were deliberately indifferent to this risk.

Accordingly, the complaint also does not state a claim against any defendant for deliberate indifference to serious medical needs.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the complaint is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

9

Accordingly, **IT IS ORDERED THAT**:

1) Within 30 days of the date of this order, or by **January 18, 2013**, plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to utilize.

2) If plaintiff chooses to file a First Amended Complaint, plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The First Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. *Id.* Accordingly, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action be dismissed**.

DATED: December 19, 2012

SHERI PYM
United States Magistrate Judge